UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREANNA MORELLO,<br><br>               *Plaintiff,*<br><br>       v.<br><br>TRANSPORTATION SECURITY<br>ADMINISTRATION,<br><br>               *Defendant.* | Civil Action No. 24-0995 (RC) |

## ANSWER

Defendant Transportation Security Administration ("TSA"), by and through undersigned counsel, respectfully submits the following answer to Plaintiff's Amended Complaint (ECF No. 6) (the "Amended Complaint") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

## FIRST DEFENSE

The FOIA requests at issue, in whole or in part, are not valid requests as they do not meet the requirements of FOIA or applicable regulations, including on the basis that they fail to reasonably describe the records sought and also are overly broad and would be unduly burdensome to process. Accordingly, Plaintiff has failed to state a claim for which relief can be granted under FOIA.

## SECOND DEFENSE

The Amended Complaint should be dismissed to the extent Plaintiff failed to exhaust administrative remedies prior to the filing of this action with respect to any of the FOIA requests at issue.

**THIRD DEFENSE**

Plaintiff is not entitled to the production of any records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552, where disclosure would cause foreseeable harm, nor is Plaintiff entitled to compel Defendant to confirm or deny the existence of responsive records when any such confirmation or denial would reveal information protected from disclosure by one or more exemptions of FOIA.

**FOURTH DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's request for relief that exceeds the relief authorized by FOIA.

**FIFTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

**RESPONSE TO NUMBERED PARAGRAPHS**

Defendant responds to the Amended Complaint in like numbered paragraphs as follows:

1.     This paragraph characterizes the relief sought in this action to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to the requested relief.

**JURISDICTION AND VENUE**[1]

2.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction subject to the terms and limitations of FOIA.

---

[1]     For ease of reference, Defendant's Answer replicates the headings and titles contained in the Amended Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3.      This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this judicial district is a proper venue for actions brought under FOIA.

## PARTIES

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.      Defendant admits that TSA is a component agency of the Department of Homeland Security which is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The remainder of this paragraph asserts conclusions of law to which no response is required.

## STATEMENT OF FACTS

6-7.    In response to the allegations in these paragraphs, Defendant admits that Plaintiff submitted a FOIA request to TSA dated December 27, 2023 through the TSA FOIA Portal and that a copy of the request is attached to the Amended Complaint (ECF No. 6-1).   Defendant refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

8.      Defendant admits that TSA sent a letter to the requester dated April 10, 2024 in connection with the December 27, 2023 FOIA request, and that the quoted language in this paragraph is contained within that letter.  In further response, Defendant refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that letter.

9-10.   In response to the allegations in these paragraphs, Defendant admits that Plaintiff submitted a FOIA request to TSA dated December 30, 2023 through the TSA FOIA Portal and that a copy of that request is attached to the Amended Complaint (ECF No. 6-2).  Defendant refers

the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

11.     Defendant admits that it acknowledged receipt of the December 30, 2023 FOIA request and that a copy of the acknowledgment letter is attached to the Amended Complaint (ECF No. 6-3).  Defendant refers the Court to that letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that letter.

12-13.  In response to the allegations in these paragraphs, Defendant admits that Plaintiff submitted a FOIA request to TSA on or about March 24, 2024 through the TSA FOIA Portal and that a copy of the request is attached to the Amended Complaint (ECF No. 6-4).  Defendant refers the Court to that request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of that request.

14.     Defendant admits the first sentence of this paragraph.  The allegations in the second sentence of this paragraph are denied.  In further response to the allegations in the second sentence of this paragraph, Defendant avers that, by letter dated March 26, 2024, TSA requested that Plaintiff provide clarification as to certain language in the request, requested a response from the requester within 30 days, and that no response to that letter was received within the requested 30-day period.

15-16.  These paragraphs assert conclusions of law to which no response is required.  To the extent any response is required, Defendant refers the Court to the cited provisions of FOIA for a complete and accurate statement of their contents and denies the allegations in this paragraph to the extent inconsistent with the provisions of FOIA.

17.     This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, Defendant admits that final determination letters had not been issued with respect to the three requests at issue at the time the Amended Complaint was filed but

denies any implication in this paragraph that the failure to issue such letters constitutes a violation of FOIA.

18.    This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

## COUNT I

19.    Defendants reincorporate every paragraph above as stated herein.

20.    This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

21.    This paragraph asserts conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

## REQUESTED RELIEF

The remainder of Plaintiff's Amended Complaint contains Plaintiff's request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Amended Complaint that are not specifically admitted herein.

Respectfully submitted,

MATTHEW M. GRAVES, D.C. BAR #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Jeremy S. Simon*
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528; Jeremy.Simon@usdoj.gov

*Counsel for the United States of America*